UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL JET SERVICES, LLC | ) | CASE NO.1:12CV298 |
| | ) | |
| **Plaintiff,** | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| CLEVELAND CLINIC EMPLOYEE | ) | OPINION AND ORDER |
| HEALTH PLAN TOTAL CARE | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Angel Jet Services, LLC's ("AJS") and

Defendant Cleveland Clinic Employee Health Plan Total's respective briefs requesting Judgment

on the Administrative Record.  The parties seek judgment on AJS's claim it was unlawfully

denied benefits in violation of the Employee Retirement Income Standards Act ("ERISA").  For

the following reasons, the Court finds Plaintiff lacks standing to pursue ERISA claims against

Defendant and grants judgment for Defendant on Plaintiff's claims.

**Background Facts**

Plaintiff Angel Jet Services, LLC ("AJS") is an air ambulance company that transports

patients from one medical facility to another while providing in-transit medical care, including

critical care nurses.  On July 7, 2010, AJS transported J.S., the minor child of Dr. Jason Springer

("Springer") from Utah to Cleveland, Ohio, where Springer had recently accepted a residency

with the Cleveland Clinic.  As an employee of the Cleveland Clinic, Springer was a participant under the Cleveland Clinic's Employee Health Plan Total Care ("Plan") and J.S. was covered under the Plan as well.  According to Plaintiff, Springer attempted to obtain pre-approval for coverage of the costs of AJS's air ambulance services in transporting his child to Cleveland but failed to obtain pre-approval.  After the transport, AJS submitted a bill for its services totaling $340,100 to the Plan's administrator, Antares Management Solutions, Inc. ("Antares").  AJS alleges it was assigned Springer's rights under the Plan for payment.  Antares initially informed Plaintiff that the claim was approved, however, it later denied payment, contending Springer never obtained pre-approval before engaging the services of AJS.  Ultimately, the Plan paid for only ten percent of AJS's bill.

AJS challenges the decision of the Plan Administrator and seeks full payment under the Plan.

Defendant argues AJS lacks standing to assert claims and seek reimbursement from Defendant.  Furthermore, Defendant argues the Plan Administrator correctly determined that Plaintiff is not entitled to full payment because the covered employee failed to obtain preapproval under the plain terms of the Plan.

## Standard of Review

The Court applies the arbitrary and capricious standard of review where a policy cloaks the plan administrator with the discretionary authority to determine eligibility and construe the terms of a policy.  *DeLisle v. Sun Life Assurance Co. of Canada*, 558 F. 3d 440 (6th Cir. 2009) (Citing *Firestone Tire & Rubber Co. v. Burch*, 489 U.S. 101, 115 (1989)).  The arbitrary and capricious standard is the most deferential form of judicial review.  *Admin. Comm. of Sea Ray*

*Employees Stock Ownership and Profit Sharing Plan v. Robinson*, 164 F. 3d 981, 989 (6th Cir.

1999).  The administrator's decision should be upheld if it is "the result of a deliberate,

principled reasoning process" and "supported by substantial evidence."  *Glenn v. Metro. Life Ins*.

*Co.*, 461 F. 3d 660, 666 (6th Cir. 2006), *aff'd,* 128 S. Ct. 2343 (2008).  The court must consider

several factors, including the quality and quantity of medical evidence and the policy

administrator's consideration of the Social Security Administrator's determination.  *Glenn*, 461

F. 3d at 666.  A possible conflict of interest due to the administrator's dual role is "but one factor

among many that a reviewing judge must take into account."  *Glenn*, 128 S. Ct. at 2351.

Ultimately, the Court must determine whether the plan administrator's decision was rational.

*Calvert v. Firstar Fin., Inc*., 409 F. 3d 286, 295 (6th Cir. 2005).

In denying Plaintiff's Motion for Discovery, the Court determined the Plan Administrator

had discretionary authority to determine eligibility and construe the terms of the Policy.

Therefore, the Court determined the proper standard of review to be applied is the arbitrary and

capricious standard.

According to Plaintiff, Defendant breached its duty under the Plan when it paid Angel Jet

only a fraction of its billed charges for transporting J.S.  J.S. is the child of Athena and Dr. Jason

Springer.  J.S. was born on May 4, 2009, with severe congenital abnormalities.  In the spring of

2010, Springer accepted a position with the Cleveland Clinic beginning on July 1, 2010.  The

new position involved Springer moving his wife and child from Utah to Cleveland, Ohio.  Due to

J.S.'s medical condition, the move required medical transport.  On July 1, 2010,  Springer

enrolled himself, Athena and J.S. in Defendant's health plan.  The Plan contains the following

language:

Coverage-Effective Date

> As long as you have enrolled in the health plan within 31 days of your start date, your coverage is effective on the first day you actively start to work. It takes approximately 15 business days from the time your paperwork is received by Human Resources to the time your benefit selection is processed with the TPA. If you require services prior to your benefit being processed, your claims may be denied. These claims will be adjusted on the backend when the TPA processes your benefit selections data.

According to Plaintiff, Springer attempted to obtain pre-approval for the flight but Defendant's third party administrator was unable to confirm that Springer was covered under Defendant's Plan.   Plaintiff had J.S. flown to Cleveland utilizing Plaintiff's services.  AJS attempted to assert its right to payment pursuant to an assignment it obtained from Springer but payment was ultimately reduced to approximately ten percent of AJS's billed charges.

Defendant argues Plaintiff lacks standing because the only assignment in the Administrative Record is an assignment of Springer's wife, Athena, to AJS.  That assignment predates Springer's employment with the Cleveland Clinic and coverage under the Defendant's Plan.  The assignment in the Administrative Record was executed on June 8, 2010.  Springer was not a covered insured under Defendant's Plan until July 1, 2010.  Therefore, according to Defendant, Athena had no vested right in the Defendant's Plan that she could assign to AJS at the time the assignment was made.

AJS contends it has the right to pursue reimbursement from Defendant under the assignment.  According to AJS, it was an assignee of Springer's and J.S.'s rights, including the right to reimbursement, under Defendant's Plan.

The assignment in the Administrative Record belies the allegations in Plaintiff's Complaint.  According to Plaintiff's Complaint "At all relevant times, AJS was an assignee of

4

Springer and J.S. pursuant to an assignment of benefits assigning all Plan benefits relating to this

claim to AJS.  Thus, AJS "stands in the shoes" of Springer and J.S. and has standing to assert

whatever rights they possess, relating to the Plan and this claim, including the right to pursue

administrative remedies and the right to pursue this claim."  (Complaint at ¶ 8).  However, as

recounted above, the only assignment in the record is not an assignment from Springer to AJS,

instead it is an assignment of Athena's rights to AJS.

     "As the party invoking federal jurisdiction, Plaintiffs bear the burden of establishing

standing."  *Loren v. Blue Cross & Blue Shield of Mich*. 505 F.3d 598, 607 (6th Cir., 2007) citing

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

"Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua*

*sponte. Loren* at 607. " [O]bjections to subject-matter jurisdiction cannot be waived and must be

addressed by a federal court at every stage of proceeding."  *Fairlane Car Wash, Inc. v. Knight*

*Enterprises, Inc.* 396 Fed.Appx. 281, 284, 2010 WL 3724604, 2 (6th Cir., 2010) *citing Sinochem*

*Int Co. v. Malaysia Int Shipping Corp.,* 549 U.S. 422, 430–31 (2007).  "Standing is thought of as

a 'jurisdictional' matter, and a plaintiff's lack of standing is said to deprive a court of

jurisdiction."  *Ward v. Alternative Health Delivery Systems, Inc.* 261 F.3d 624, 626 (6th Cir.,

2001).

     The alleged assignment found in the Administrative Record (A.R. Ex.3, CCEHP000085)

is captioned "Appointment of Authorized Representative" and is signed by Athena Springer,

J.S.'s mother.   Contrary to the allegations in the Complaint, Springer did not assign any rights.

Rather, Athena appointed AJS to act as her representative.  The assignment/appointment is dated

June 8, 2010.  This document predates coverage for Athena under Defendant's Plan by more

than three weeks.  Relevant caselaw holds that one cannot assign rights not yet vested at the time an assignment is executed.  *West Broad Chiropractic v. American Family Insurance,* 122 Ohio St.3d 497 (2009).  See also *Restatement 2d of Contracts* § 321(2) ("a purported assignment of a right expected to arise under a contract not in existence operates only as a promise to assign the right when it arises and as a power to enforce it.")

Here, AJS could not obtain rights to a healthcare coverage plan that Athena did not yet possess.  Therefore, the Court finds AJS lacks standing to assert claims for plan benefits from Defendant.

AJS argues that any standing argument by Defendant is moot because Defendant did not raise it in the administrative proceedings.  However, as the case law cited by the Court above clearly holds, the issue of standing may be raised at any time by the parties or may be addressed by the Court *sua sponte*.

There is an additional problem with the assignment/appointment.  The named Plan in the assignment/appointment is Regence Blue Cross Blue Shield of Utah.   Under the plain language of the assignment/appointment, Athena appointed AJS so that AJS "may pursue, obtain and appeal any benefit determination ***under my insurance/health plan***, to act and to directly receive notifications, reimbursement payment checks, and apply applicable legal and/or equitable remedies on my behalf with respect to the charges of AJS." (Emphasis added).  Here, the Court finds Athena Springer's alleged assignment/appointment only permits AJS to pursue claims on Athena's behalf arising under the Regence policy.  There is no reference to Defendant's Plan, nor would one expect there to be since the undisputed evidence in the Administrative Record demonstrates that the Regence Plan was Athena's Plan at the time of the assignment.   There is

no dispute that the Springers were not covered by Defendant's Plan until July 1, 2010.

Therefore, the only applicable Plan as of June 8, 2010, the date the assignment/appointment was

executed, was the Regence Plan named in the assignment/appointment.   Thus, the

assignment/appointment only assigned Athena's rights under the Regence Policy and AJS lacks

standing to assert derivatively Athena's rights under Defendant's Plan.

Therefore, for the foregoing reasons, the Court finds AJS lacks standing to pursue its

ERISA claims against Defendant and the Court dismisses Plaintiff's claims.

IT IS SO ORDERED.

                                                        s/ Christopher A. Boyko
                                                        CHRISTOPHER A. BOYKO
                                                        United States District Judge

Dated:  July 21, 2014